# PROVIDENCE COUNTY.

————◆————

THOMAS P. I. GODDARD *et al. vs.* SOPHIA A. BROWN *et als.*

On a testamentary trustee's bill for instructions:
*Held*, that the court would only instruct the trustee in regard to circumstances actually existing or tolerably certain to arise in the course of his trust management.
*Held*, further, that the court would not decide whether an interest was vested or contingent in a case where the question could only become important to the trustee by the death of a living *cestui*.
Bequest as follows:
" At the period when my youngest living son attains the age of twenty-one years, said trustees shall pay over and convey absolutely all my manufacturing property consisting of all my interest and shares in the Lonsdale Company, the Blackstone Manufacturing Company, and the Hope Company, then remaining in the hands of said trustees, in equal shares unto my sons then living, and the lawful issue then living of any son then deceased; said issue to be entitled (in equal proportions) to the same share thereof to which said son, if living, would be entitled: "
*Held*, that the bequest applied only to the three corporations named, although the testator owned other manufacturing property.
The residue of the testator's estate, including the above named manufacturing property, was given to trustees to manage, &c., and to pay certain sums to his widow from the income. The will then continued:
" The residue of said income, in whole or in part, entirely in the discretion of said trustees, shall be paid over, semi-annually, or as often as convenient, unto my children, and the lawful issue of any deceased child, or applied for their support, maintenance, and education, or otherwise appropriated for their benefit, in such proportions, in such sums, at such times, and in such manner, as said trustees in their discretion may think best, —

until my youngest living child shall attain the age of twenty-one years, or until the termination of this trust, upon the decease of my last surviving child, in case he or she shall survive my wife, and shall not live to attain the age of twenty-one years, as hereinafter provided: and such part of said income as said trustees shall see fit may be allowed to accumulate, and be distributed and paid over by said trustees unto my children, and the lawful issue of any deceased child, in such proportions as said trustees shall see fit, at the period when my youngest living child shall attain the age of twenty-one years, or at any time prior thereto, if said trustees shall think best.

" And for and during the remainder of this trust, and from and after the period when my youngest living child attains the age of twenty-one years, all the residue of said income shall be paid, semi-annually, or as often as convenient, in equal shares, unto my children, and the lawful issue of any deceased child: such issue taking the parent's share."

*Held*, that the income of the manufacturing property specially bequeathed made when received an indistinguishable part of the common income of the estate.

*Held*, further, that the trustees, if they had the power to sell the manufacturing property specially bequeathed, should not exercise such power without reasons of extraordinary urgency.

The will contained the following provision:

" At the period when my daughter attains the age of twenty-one years, said trustees shall transfer and convey, in fee simple, unto my said daughter, her heirs and assigns forever, one half part of all my real estate situated in the city of Providence, then remaining in the hands and possession of said trustees, including in said half part my Mansion House Estate, subject to the life estate of my wife. And said trustees are hereby empowered to divide, set off, and make partition of said half part of said real estate, and the division and partition so made shall be final and conclusive : "

*Held*, that the partition could not be made until the majority of the daughter, and that meanwhile the income of the realty made part of the general income of the estate.

The trustees had power given them by the will " to lease any portion of said real estate for such period, and upon such terms and conditions as they shall think best : "

*Held*, that they could make long leases with provisions for the purchase of improvements made by the lessees, as agreed, or upon appraisal, and also with provisions for altering the rent from time to time, by arbitration or appraisal.

*Query*, whether they could superadd covenants of renewal.

Testamentary trustees had power to " sell," " vest and reinvest " any part of the principal of the trust fund, and were directed to invest the surplus income in certain specified ways:

*Held*, that the specified investments of the income did not control the trustees in their reinvestments of the principal.

BILL IN EQUITY for instructions and to obtain a judicial construction of the following will which was proven before the Court of Probate of Newport, July 7, 1874.

*In the Name of God, Amen.* — I, John Carter Brown, of the city of Providence, county of Providence, and State of Rhode Island and Providence Plantations, merchant, do make and execute this my last will and testament in manner and form following, that is to say, —

*First.* — I give and devise unto my beloved wife, Sophia Augusta, for and during the term of her natural life, my mansion house estate in Providence, upon the easterly side of Benefit

Street, and also my mansion house estate in Newport, upon Bellevue and Hazard Avenues.

Also, I give and bequeath unto my said wife the sum of fifty thousand dollars ($50,000), to be paid to her by my executors within one year from the time of my decease.

And I also give and bequeath unto my said wife all my books, pictures, statuary, plate, household furniture, wines, and supplies of every description, horses, carriages, and harnesses, which may belong to me at the time of my decease.

And the provision made in this will for my said wife is in lieu of her dower in my estate.

*Second.* — All the rest, residue, and remainder of my estate, real, personal, and mixed, of every nature and kind which I may own or be entitled to at the time of my decease, expressly including any real estate acquired subsequently to the execution of this will, and owned by me at the time of my decease, I give, devise, and bequeath unto Sophia Augusta Brown, Robert H. Ives, and Thomas P. I. Goddard, and to the survivors and survivor of them, and the heirs, executors, administrators, and assigns of such survivor, in special trust, always however upon the conditions and limitations and for the uses and purposes following, namely : That said trustees shall take possession of all said trust estate, and take care of and manage the same with a view to safety and profit in their discretion : collect and receive the rents, dividends, profits, and income thereof : and pay therefrom all costs, charges, and expenses of taking care of and managing said trust estate, including a reasonable compensation to said trustees for their services : and from the net income thereof to pay unto my said wife, for and during the term of her natural life, the sum of twelve thousand dollars ($12,000) per annum, in quarter yearly payments, upon the first day of January, April, July, and October in each year, the first of which payments shall be made upon the first quarter day after my decease : and if at any time said trustees shall be of opinion that said sum of twelve thousand dollars per annum, with any other income which she may receive, shall not be fully sufficient for the support and maintenance of my said wife, they are hereby authorized and empowered, from time to time, to increase and change the amount to be annually paid to her, to a sum which in their judgment shall be

ample for her support and maintenance : but the amount shall at no time be changed and reduced to a less sum than the aforesaid twelve thousand dollars per annum.

Said trustees shall keep my mansion house estates in Providence and Newport, and the buildings thereon, in proper order and repair, and pay all taxes and assessments, and insurance, which may be levied and payable upon the same, during the term of the natural life of my said wife.

The residue of said income, in whole or in part, entirely in the discretion of said trustees, shall be paid over, semiannually, or as often as convenient, unto my children, and the lawful issue of any deceased child, or applied for their support, maintenance, and education, or otherwise appropriated for their benefit, in such proportions, in such sums, at such times, and in such manner, as said trustees in their discretion may think best; until my youngest living child shall attain the age of twenty-one years, or until the termination of this trust upon the decease of my last surviving child in case he or she shall survive my wife and shall not live to attain the age of twenty-one years, as hereinafter provided : and such part of said income as said trustees shall see fit may be allowed to accumulate, and be distributed and paid over by said trustees unto my children, and the lawful issue of any deceased child, in such proportions as said trustees shall see fit, at the period when my youngest living child shall attain the age of twenty-one years, or at any time prior thereto, if said trustees shall think best :

And for and during the remainder of this trust, and from and after the period when my youngest living child attains the age of twenty-one years, all the residue of said income shall be paid, semiannually, or as often as convenient, in equal shares, unto my children, and the lawful issue of any deceased child : such issue taking the parent's share.

Upon the decease of my said wife, in case my youngest living child shall, at the time of her decease, have attained the age of twenty-one years : or, when my youngest living child shall attain the age of twenty-one years, in case of the decease of my wife before that period : or, upon the decease of my last surviving child, in case he or she shall survive my wife and shall not live to attain the age of twenty-one years, — then all said trust estate

remaining in the hands of said trustees shall be distributed, paid over, and conveyed, in equal shares, to and among all my children, then living, now or hereafter born, and the lawful issue of any child then deceased : said issue to be entitled, in equal proportions, to the same share of said trust estate to which said child if living would be entitled : and thereupon this trust shall cease and terminate.

In case at the time of the decease of my said wife all my children and their issue shall have deceased, or in case of a final default of all my children and their issue, entitled to take the trust estate aforesaid, upon the final distribution thereof as herein directed, I order the said trust estate to be paid over and conveyed absolutely to my heirs at law.

At the period when my youngest living son attains the age of twenty-one years, said trustees shall pay over and convey absolutely, all my manufacturing property consisting of all my interest and shares in the Lonsdale Company, the Blackstone Manufacturing Company, and the Hope Company, then remaining in the hands of said trustees, in equal shares, unto my sons then living, and the lawful issue then living of any son then deceased : said issue to be entitled, in equal proportions, to the same share thereof to which said son if living would be entitled.

At the period when my daughter attains the age of twenty-one years, said trustees shall transfer and convey, in fee simple, unto my said daughter, her heirs and assigns forever, one half part of all my real estate situated in the city of Providence, then remaining in the hands and possession of said trustees, including in said half part my mansion house estate, subject to the life estate of my wife : and said trustees are hereby empowered to divide, set off, and make partition of said half part of said real estate ; and the division and partition so made shall be final and conclusive.

I hereby authorize the trustees for the time being, entirely in their discretion, to advance from the principal of said trust estate, to each of my children upon the event of his or her marriage, or attaining the age of twenty-one years, respectively, any sum or sums not exceeding in the whole the sum of fifty thousand dollars ($50,000), as a part of the final distributive share of such child.

The income of said trust estate to be paid to my children or

their issue as aforesaid, shall in no way be subject to their control or disposition prior to its actual payment as herein provided.

I hereby fully authorize and empower the trustees for the time being, to sell and convey, vest and reinvest, any part or parcels of said trust estate, real, personal, or mixed, at such times, in such manner, and on such terms and conditions, as they shall think best : and the part thereof so conveyed shall be thereby discharged of said trust, and the purchaser shall not be liable for the application of the purchase-money : with power, also, to make partition and division, and to convey and exchange any part of said real estate held under the trusts hereof, and to make such conveyances as may be necessary and proper for laying out, widening, and improving highways, streets, or gangways : and to lease any portion of said real estate for such period and upon such terms and conditions as they shall think best; and to make and execute all conveyances and instruments requisite in the premises : and to do any and all other acts which in their discretion they shall think proper for improving and increasing the value of the estate held and managed by them under this trust :

And I expressly direct that all investments or reinvestments of any part of the income of said trust estate under the trusts hereof shall be made with a view to safety and security as well as profit, and that such investments be made by said trustees, in their discretion, in bonds and mortgages upon real estate in either of the New England States or the State of New York, or in stocks, bonds, or securities of either of said New England States, or State of New York, or the cities of Providence, Newport, Boston, or New York, or in real estate situated in the New England States.

In case the said Sophia Augusta Brown, Robert H. Ives, and Thomas P. I. Goddard, or either of them, decline to accept said trust, or having accepted shall die, resign, or become incapable or unfit to act in the trusts hereof, while said trusts or any of them shall be subsisting, and also in case of the death, resignation, or the becoming incapable or unfit to act as aforesaid of any future trustee or trustees, I hereby request the Supreme Court of this State to fill such vacancies as they may occur : and my intention and will is that there shall be at all times three trustees, but in case from any cause there should be less than that number, the

one or two existing trustees shall have power to perform all things necessary for the objects of said trust, until there shall be three, in manner above provided.

In all cases where a discretionary power is hereby given to the trustees appointed by this my will, any and all succeeding trustees shall have the same discretionary power as is herein given to the trustees hereby appointed.

Said trustees shall have power and authority to appoint by instrument under seal or otherwise, from time to time, such agents and attorneys as they may consider convenient and necessary, to make sales and transfers of any of said trust estate and property, real or personal, and to do any and all other acts, matters, and things requisite to be done and performed in the discharge of the trusts hereof: and such appointments to revoke and annul at pleasure.

Either of said trustees shall have power and authority, by an instrument under seal or otherwise, to confer authority upon any suitable person, not then an acting trustee, to make and execute in his name, any deeds, conveyances, and instruments necessary and proper to be made and executed in the performance of any of the duties of said trustees under the trusts hereof: and the same to revoke and annul at pleasure.

Each of the trustees under the trusts hereof for himself or herself shall be severally held to the faithful performance of his or her own acts, but shall not be held accountable for the acts of his or her co-trustees in the premises: and neither of said trustees shall be held responsible for any losses which may arise unless they shall occur through fraud or gross negligence of such trustee.

Having the fullest confidence in my esteemed friend and co-partner with me in the firm of Brown & Ives, my wish and desire is that he shall continue the business of the house so long as he in his wisdom shall see fit so to do, and that he shall employ in commercial and fiscal transactions as heretofore, all my interest in the company or undivided property of the firm: and it is my further injunction and request that no inventory or account of the copartnership property or estate be called for or taken by my executors, heirs, or devisees: and I direct that my executors be only required to give bond to pay my funeral

charges, debts, and legacies, and I request that they may be exempt from giving sureties upon their said bond.

*Lastly.* — I hereby nominate, constitute, and appoint Sophia Augusta Brown, Robert H. Ives, and Thomas P. I. Goddard, executors of this my last will and testament : and hereby revoke and annul all other and former wills by me made, and establish this and this only as my last will and testament.

In testimony whereof, I do hereunto set my hand and affix my seal, at the city of Providence, this thirtieth day of December, in the year of our Lord one thousand eight hundred and sixty-seven (1867).

JNO. CARTER BROWN [L. S.]

Signed, sealed, published, pronounced, and declared by said John Carter Brown, as and for his last Will and Testament, in the presence of us, who at the same time at his request and in his presence, and in the presence of each other, hereunto set our names as witnesses to the same.

JOHN WILSON SMITH.<br>G. W. R. MATTESON.<br>WILLIAM T. KILTON.

*In the Name of God, Amen.* — I, John Carter Brown, of the city of Newport, county of Newport, and State of Rhode Island and Providence Plantations, merchant, do make and execute this my codicil to my last will and testament heretofore made by me, bearing date upon the thirtieth day of December A. D. 1867, in manner and form following, that is to say :

*First.* — I give, devise, and bequeath unto my beloved wife, Sophia Augusta Brown, and to her heirs and assigns absolutely, my mansion house estate in Providence, upon the easterly side of Benefit Street, between Power and Williams Streets, and my mansion house estate in Newport situated at the southeasterly corner of Bellevue and Hazard Avenues, and also my lot of land situated on Bellevue and Le Roy Avenues, and adjoining northerly land of George Whetmore : and I revoke the clauses in my said will in and by which I have given said estates to her for life only, and have directed the trustees named in said will to keep said estates in repair, and pay taxes, assessments, and insurance thereon : and I give and bequeath unto my said wife the sum of fifty thousand dollars ($50,000) in addition to the sum mentioned in my will, making the sum of one hundred thousand dollars ($100,000), to be paid to her by my executors within one year from the time of my decease.

*Second.* — I give and bequeath unto my friend John R. Bartlett, the sum of five thousand dollars ($5,000): to be paid within one year from the time of my decease.

*Third.* — I give and bequeath unto my namesake John Carter Brown Woods, the sum of two thousand dollars ($2,000): to be paid within one year from the time of my decease : and I desire that said sum may be by him appropriated to the purchase of such plate or other articles, as he may select, to be kept and preserved as a memorial of my affection and regard for him.

*Fourth.* — I give and bequeath unto the Redwood Library in Newport, the sum of five thousand dollars ($5,000) : the income thereof to be applied and used in the purchase of books, said sum to be paid within one year from the time of my decease.

*Fifth.* — I give and bequeath unto the Butler Hospital for the Insane, the sum of five thousand dollars ($5,000) : to be paid within one year from the time of my decease.

*Sixth.* — I give and bequeath unto the Rhode Island Hospital, the sum of twenty-five thousand dollars ($25,000): to be paid within one year from the time of my decease.

*Seventh.* — I give and bequeath unto the corporation of Brown University, the sum of fifty thousand dollars ($50,000) : to be paid within three years from the time of my decease, — which sum shall be applied and used in the erection of a fireproof library building for the use of the college library, upon the lot of land at the northeasterly corner of Waterman and Prospect Streets, in the city of Providence, which lot I have given and by deed conveyed to said corporation : but if at the time of my decease such a building shall have been already erected thereon, then this bequest shall be void and of no effect.

*Lastly.* — I do hereby nominate, constitute, and appoint George W. R. Matteson a trustee, in addition to and jointly with the persons named and appointed trustees under the trusts and provisions in my said will expressed : and also appoint him an executor, in addition to and jointly with the other executors therein named. And it is my desire that this codicil be annexed to, and made a part of, my last will and testament to all intents and purposes: which will I hereby ratify and confirm, except in so far as it is altered and changed by the provisions of this codicil.

In witness whereof, I have hereunto set my hand and affixed my seal, at the city of Providence, this twelfth day of June, in the year of our Lord one thousand eight hundred and seventy-three (1873).

JNO. CARTER BROWN [L. S.]

Signed, sealed, published, pronounced, and declared by said John Carter Brown, as and for his Codicil to his last Will and Testament, in the presence of us, who at his request and in his presence, and in the presence of each other, hereunto set our names as witnesses.

JOHN WILSON SMITH.
WILLIAM T. KILTON.
LEWIS J. CHACE.

Of the trustees named in the will, Sophia A. Brown declined to serve, and Moses B. I. Goddard was appointed in her place. Robert H. Ives was dead. The complainants were the trustees, Thomas P. I. Goddard, George W. R. Matteson, and Moses B. I. Goddard. The respondents were the widow of the testator and his three minor children ; two sons and a daughter.

*January* 29, 1878. DURFEE, C. J. This is a bill in equity which is brought by the complainants, as trustees under will of the late John Carter Brown, against the *cestuis que trust*, to obtain the decision of the court in regard to certain provisions of the will, and the instruction of the court in regard to their powers and duties under it. The will is dated December 30, 1867. It is supplemented by a codicil, dated June 12, 1873, which, except in so far as it alters, ratifies and confirms the will. The testator, by the will and codicil, after several specific devises and bequests, gives all the residue of his estate in trust primarily, for his widow and three minor children ; two sons and a daughter. The property is large, the powers given to the trustees are large and highly discretionary, and the trust itself is complicated by numerous provisions.

The bill sets forth that, in the execution of the trust, sundry questions have arisen as to which the complainants are advised that they cannot safely act without the instructions of the court. The bill, therefore, submits a series of ten questions for decision, some of them involving very perplexing inquiries in the law of wills. The bill does not disclose any special exigency which calls for a decision of the questions, and, in respect of some of them, it is not clear that they are now, or that they will ever become

practically important.  Every trust which is at all complicated suggests numerous questions which will in certain contingencies need to be decided; but we do not understand that the trustee is entitled to put the estate to the expense, or the court to the trouble, of their decision, until the contingencies have happened, unless he requires instruction in the exercise of his duties and powers, with a view to the possibility of their happening.  It would be unwise, in the absence of any exigency, to predetermine such questions; for it may be not only useless to do so, but embarrassing to have done so, inasmuch as such questions may actually arise under a different state of facts from any which has been anticipated.  We shall, therefore, limit our decision to such of the questions submitted as obviously may have arisen, or will be pretty certain to arise, in the execution of the trust.

The first question submitted is: Whether the bequest in said will in the words following, namely, " At the period when my youngest living son attains the age of twenty-one years, said trustees shall pay over and convey absolutely all my manufacturing property consisting of all my interest and shares in the Lonsdale Company, the Blackstone Manufacturing Company, and the Hope Company, then remaining in the hands of said trustees, in equal shares, unto my sons then living, and the lawful issue then living of any son then deceased; said issue to be entitled, in equal proportions, to the same share thereof to which said son, if living, would be entitled," includes any manufacturing property, or any interest, or any shares of stock, in any manufacturing company owned by said testator at the time of his decease, other than in said three companies named?

In explanation of this question, the bill sets forth that the three companies named were and are engaged in the manufacture of cotton cloths; that the interest of the testator and of his estate was and is large in them, and that the income from them was and may continue to be proportionably large; that after the will and before the codicil was executed, the testator became interested in another like manufacturing company, to wit, the Berkeley Company, and that he was, at the date of the will and the codicil both, a stockholder in other manufacturing companies, engaged in other manufactures, both within and without this State, and that the estate continues to be a stockholder in them.

We think the bequest covers the three companies only. We cannot think the words " consisting of," &c., were used by way of defective specification; for if the testator, intending to give all his manufacturing property of *all kinds*, had begun to specify it, he would hardly have stopped with the mention of three companies doing only *one kind* of business. We think, too, the words were not used to denote a particular kind of manufacturing property; for the words are indicative not of the kind of manufacturing property which was given, but of the companies in which it was given. We suppose the testator intended to give his property in those three companies, and all this property, consisting of all his interest and shares, in them. If he had left out the word " manufacturing," there would be no doubt of this. But we think that word was used not to enlarge the gift, but simply as an epithet to describe the property given, and that the construction is the same with as it would have been without it. This view is entirely consistent with the facts alleged in the bill, if indeed it is not favored by them. It is supported by the authorities cited in behalf of the testator's daughter. *Fraser* v. *Alexander*, 2 Dev. Eq. 348; *Timewell* v. *Perkins*, 2 Atk. 102, case 94; *Perry, Administrator*, v. *High et al.* 3 Head, 349; *Garrett* v. *Garrett*, 1 Strob. Eq. 96; *Delamater's Estate*, 1 Whar. 362; *Fisher* v. *Hepburn*, 14 Beav. 626; 2 Redfield on Wills, *435, 436. It is true there are cases cited for the sons which favor a different view.[1] But many of them relate to residuary bequests, and when a bequest is residuary it is to be liberally construed so as to avoid intestacy. The cases are not of such controlling authority that we feel bound to follow them in the case at bar.

The second question is : What interest said testator's sons take in the said manufacturing property and in its income, under the clause above recited ? The object of the question is to have the

---

[1] *Masters* v. *Masters*, 1 P. Wms. 420, 424; *Towns* v. *Wentworth*, 11 Moore C. P. 526; *Wait* v. *Belding*, 24 Pick. 129, 133; *Haven* v. *Foster*, 14 Pick. 534; *Goodtitle* v. *Paul*, 2 Burr. 1089; *Goodtitle* v. *Southern*, 1 Man. & Sel. 299; *Doe* v. *Roe*, 1 Wend. 541; *In re Louisa Goodyear*, 4 Jur. N. S. 1243; *Gover* v. *Davis*, 7 Jur. N. S. 399; *In re Kendall's Trust*, 14 Beav. 608; *Fisher* v. *Hepburn*, 14 Beav. 626; *Cambridge* v. *Rous*, 8 Ves. Jr. 12; *Nugee* v. *Chapman*, 29 Beav. 290; *Clark* v. *Preston*, 2 La. An. 580; *In re Richard Champion*, Busb. Eq. 246.

court decide whether their interest is vested or contingent. We do not see how, for the present, it can make any difference to the trustees in the administration of the trust, whether it is the one or the other. Indeed, unless one or both of the sons die before reaching the age of twenty-one years, we do not see how it can ever become of any practical importance to them. We consider it, therefore, to be quite unnecessary to perplex our minds with so subtile and difficult an inquiry in anticipation of a casualty which we trust may never happen.

The third question is, as stated in the bill : " What disposition shall be made of the income of said manufacturing property ? whether the same must be kept distinct from the income derived from the bulk of the estate ? and, if so distinct, whether your orators may from time to time pay over the same in whole or in part to said sons, or whether the same must be by your orators accumulated in augmentation of the principal, or otherwise ? and whether it is to bear any part, and if any, what part of the expenses of the administration of said trusts and of the annuity to be paid to said widow."

This is a question of great and immediate practical concern for the trustees. The answer to it is very clearly expressed, we think, in the will. The will gives the residue of the estate, which includes said manufacturing property, in trust to the trustees, for them " to take care of and manage the same, with a view to safety and profit, in their discretion." It directs them to collect all the income of all the said residue, and, after paying therefrom the charges and expenses of the trust and trust estate, to pay out of the net income to the widow for life not less than $12,000 per annum. The will then provides as follows, to wit:

" The residue of said income, in whole or in part, entirely in the discretion of said trustees, shall be paid over, semiannually, or as often as convenient, unto my children, and the lawful issue of any deceased child, or applied for their support, maintenance, and education, or otherwise appropriated for their benefit, in such proportions, in such sums, at such times, and in such manner, as said trustees in their discretion may think best, until my youngest living child shall attain the age of twenty-one years, or until the termination of this trust, upon the decease of my last surviving child, in case he or she shall survive my wife, and

shall not live to attain the age of twenty-one years, as here-inafter provided : and such part of said income as said trustees shall see fit may be allowed to accumulate, and be distributed and paid over by said trustees unto my children, and the lawful issue of any deceased child, in such proportions as said trustees shall see fit, at the period when my youngest living child shall attain the age of twenty-one years, or at any time prior thereto, if said trustees shall think best.

" And for and during the remainder of this trust, and from and after the period when my youngest living child attains the age of twenty-one years, all the residue of said income shall be paid, semiannually, or as often as convenient, in equal shares, unto my children, and the lawful issue of any deceased child : such issue taking the parent's share."

The meaning of this is plain. The income spoken of is the income of the entire estate, without distinction of parts. The residue of this income, remaining after the payment of charges and expenses and of the widow's provision as aforesaid, is, as it were, constituted an estate by itself, which, subject to the trust, is, during the minority of the children, confided preëminently to the discretionary control of the trustees. They are to use it for the maintenance and education, or benefit of the children ; or, if they think proper, they may pay it over to them at such times, and in such sums and proportions, as they think proper ; or they may allow such part of it as they see fit to accumulate and in-crease, by investment and reinvestment in the kinds of property prescribed by the will, until the youngest child arrives at full age, and then distribute the accumulated fund, or so much of it as remains from previous distributions, among the children, or their issue representing them, in such proportions as they see fit. The discretion is broad, and was doubtless reposed in the trustees to be exercised with a parental care for the good of the children, and for the purpose of giving the trustees a kind of parental influence over them. The discretion is therefore to be used, not arbitrarily, but judiciously, as a wise parent would use it, within the limits of the trust, until the youngest living child arrives at full age. After that time, the accumulated income fund being then distributed as aforesaid, the discretion over the income terminates, and the residue of any income which subse-

quently accrues must be paid in equal shares to the children living, and the issue of any child deceased. It follows from this exposition that the income of the manufacturing property, which is specially bequeathed as aforesaid, becomes, as soon as it is received, an indistinguishable part of the common income, and is to be used and administered like the rest of it, unless, indeed, the trustees, under the large discretion confided to them, see fit to have regard to the source from which it comes, in their appropriations from time to time, or in their distribution among the children when the youngest arrives at full age. And, of course, all that we have said is subject to the qualification, that their control over the income, equally with their control over the principal of the manufacturing property specially bequeathed, terminates when the youngest living son arrives at full age, which may be before the youngest living child arrives at full age. We think this fully answers the third question which has been submitted to us.

The fourth question is : Whether the trustees have any power of sale over the manufacturing property specially bequeathed, and if so, and the power is exercised, how, and under what trusts or limitations, the proceeds shall be reinvested ? The will does not show that there is any need, or that there is any reason to expect that there will be any need, of exercising the power, if it exists ; and, therefore, we think an answer to the question would be premature and unnecessary. We may remark, however, that whether the power exists or not, it would manifestly be contrary to the spirit of the will to exercise it without some more than ordinarily urgent reason for doing so.

The fifth question is as follows : Under the devise in said will in the words following, namely, "At the period when my daughter attains the age of twenty-one years, said trustees shall transfer and convey, in fee simple, unto my said daughter, her heirs and assigns forever, one half part of all my real estate situated in the city of Providence, then remaining in the hands and possession of said trustees, including in said half part my mansion house estate, subject to the life estate of my wife. And said trustees are hereby empowered to divide, set off, and make partition of said half part of said real estate, and the division and partition so made shall be final and conclusive," what interest

does said testator's daughter take in said real estate, and in its income?

The object of this question is to have the court decide whether the estate is vested or contingent. We can only repeat what we said of the similar question touching the special bequest to the sons, that we do not see how it can make any difference to the trustees, or at least any that ought to influence them, whether the estate is vested or contingent. In the absence, therefore, of anything to show that the decision, if made, will be practically useful, we shall defer making it for the present.

The sixth and seventh questions make the same inquiry in regard to the devise aforesaid to the daughter, as was made in the third and fourth questions in regard to the special bequest to the sons, and the answer which we have given to the third and fourth questions will serve for them.

The eighth question is: Whether the trustees can set off to the daughter, by way of partition, the one half of the real estate given her as aforesaid, immediately, or must wait without doing it until she arrives at full age? We think it is plain that the trustees must wait, for the half of the real estate which is given to the daughter is not a half of it as it now exists, but a half of it as it will exist when she arrives at full age. The language is, "one half part of all my real estate," &c. "*then* remaining in the hands and possession of said trustees." It might well happen that any half which could now be set off would, by the operation of local causes, be more or less than a half when the daughter arrives at full age. And, for the same reason, the court cannot, any more than the trustees, make the partition until the proper time arrives.

The ninth question is: Whether, under the power of leasing the real estate contained in said will, or otherwise, the trustees have and may rightfully exercise the power of granting leases for long terms of years of portions of said real estate as opportunities may offer; particularly on what generally are known as long building leases, either with or without provisions for the purchase of the tenants' buildings or improvements, either at a fixed valuation or upon appraisal?

If we understand the scope of the question, we have no hesitation to answer it in the affirmative. The testator " authorizes

and empowers the trustees for the time being . . . . to lease any portion of said real estate for such period, and upon such terms and conditions, as they shall think best." Under so broad a power, they can certainly grant leases for long terms of years, with provisions for the purchase of improvements made by the lessees, as agreed, or upon appraisal, and also with provisions for altering the rent from time to time, by arbitration or appraisal, for such provisions are but terms and conditions upon which the leases are made. Whether they are still further empowered to superadd covenants of renewal is doubtful ; but upon that point we give no opinion, for we do not understand that it is embraced in the question.

The tenth and last question is : Whether the provision of the will respecting the investment and reinvestment of the income of the trust estate in any way affects or controls the power which is given the trustees over the principal "to sell and convey, vest and reinvest" the same, so as to require the investment and reinvestment thereof in the same classes or kinds of securities and property ? We think not. The trustees are, however, by the terms of the will, to manage the trust estate "with a view to safety and profit ; " and the provision in regard to the investment of the income furnishes a valuable guide to what, in the opinion of the testator, are safe as well as profitable kinds of investment.                     *Decree accordingly.*

*James Tillinghast*, for complainants.

*Abraham Payne*, *Thomas C. Greene*, and *W. W. & S. T. Douglas*, for the different respondents.